OPINION
Plaintiff-appellant Charles Melosh appeals from the June 7, 2001, Decision and Entry of the Zanesville Municipal Court terminating the lease between the parties in this matter and granting defendant-appellee Ohio Properties judgment against plaintiff-appellant in the amount of $1,109.37.
 STATEMENT OF THE FACTS AND CASE
On November 7, 1997, appellant Charles Melosh CPA dba Melosh 
Associates CPA's and D J Enterprises, appellees' predecessor in interest, entered into a commercial lease for office space. Pursuant to the terms of the lease, which was for a period of five years commencing on December 1, 1997, and terminating on November 30, 2002, appellant agreed to pay rent in the amount of $619.50 for the first two years of the lease. The lease further provided for rent in the amount of $650.50 per month for the second two years and $683.00 per month for the for last year. Subsequently, appellees Ohio Properties and Allen Kirkendall became the owners of the subject property.
Thereafter, appellant, on June 10, 1999, filed a complaint against appellees for breach of contract in the Zanesville Municipal Court (Case 99CVH00814). Appellant, in his complaint, specifically alleged that appellees had failed to maintain subject property. On June 29, 1999, appellees filed an answer denying the allegations in appellant's complaint.
On July 3, 2000, appellee Ohio Properties filed a complaint in forcible entry and detainer against appellant in the Zanesville Municipal Court (Case No. 00CVG00765), alleging that appellant had failed to pay rent in the amount of $650.50 from March, 2000, "until the current time". Subsequently, appellant, on July 13, 2000, filed an answer and a motion requesting that the two cases be joined. After the two cases were consolidated by the trial court, a bench trial was held on August 18, 2000.
Pursuant to a Decision and Entry filed on June 7, 2001, the trial court found, in part, that appellee Ohio Properties had breached the lease by failing to maintain the property and also had breached the covenant of quiet enjoyment. For such reason, the trial court found that appellee was only entitled to recover the reasonable rental value of the premises. After determining the same[1], the trial court held that appellant owed appellee Ohio Properties the sum of $1,191.91 in unpaid rent and utilities. In its decision, the trial court further held that appellee Ohio Properties owed appellant $82.54 as reimbursement for carpet cleaning. After offsetting the two figures, the trial court granted appellee Ohio Properties judgment against appellant in the amount of $1,109.37. The trial court further ordered that the lease between the parties be terminated effective August 31, 2000.
It is from the trial court's June 7, 2001, Decision and Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY CALCULATING APPELLANT'S DAMAGES FROM MARCH 1999, WHEN THERE WAS TESTIMONY AT TRIAL THAT APPELLEES KNEW OF THE CONDITIONS CREATING THE BREACH OF THE LEASE AT THE TIME THEY PURCHASED THE PROPERTY IN DECEMBER 1998, AND BY FAILING TO PRORATE THE RENT FOR AUGUST 2000.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT THE VALUE OF THE LEASEHOLD WAS DIMINISHED BY 25% DUE TO APPELLEES' BREACH OF THE LEASE, WHEN APPELLANT PRESENTED UNREFUTED TESTIMONY AT TRIAL THAT THE VALUE OF THE LEASEHOLD WAS DIMINISHED BY AS MUCH AS 50%.
 I, II
Appellant, in his two assignments of error, challenges the trial court's calculation of appellant's damages resulting from the breach of the lease. Appellant asserts that the testimony presented at trial supports a different result. In essence, appellant maintains that the trial court's decision was not supported by the evidence or is against the manifest weight of the evidence presented at trial.
App.R. 9(B) states, in part, that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." In the case sub judice, appellant has failed to supply this Court with a transcript of the proceedings before the trial court or, alternatively, a statement pursuant to App.R. 9(C) or (D). When portions of the transcript necessary to resolve the issues raised on appeal are not part of the record, the court must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
Since appellant has failed to provide this Court with the transcript of the August 18, 2000, bench trial, we must presume the regularity of the proceedings below and affirm pursuant to the directive set forth inKnapp, supra.
Appellant's two assignments of error are, therefore, overruled.
Accordingly, the judgment of the Zanesville Municipal Court is affirmed.
By EDWARDS, J. GWIN, P.J. and WISE, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to appellants.
[1] The trial court specifically found that the value of the leased premises had been diminished by 25% during the period from March 1, 1999, through August 11, 2000.